NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KEVIN GONZALEZ-MANZO; ORBELINA DUBON-GARCIA; ANTHONY ADRIEL GONZALEZ-DUBON,<br><br>             Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>             Respondent. | No. 24-225<br><br>Agency Nos. A220-319-001; A220-319-003; A220-321-146<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025[**]
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Petitioners Kevin Gonzalez-Manzo and his wife and minor son ("Petitioners")

seek review of a Board of Immigration Appeals ("BIA") decision affirming a

decision by an Immigration Judge ("IJ") denying Petitioners' claims for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and Convention Against Torture ("CAT") protection.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard to the agency's findings of fact.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  Under this standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."  *Id.* at 748 (emphasis in original) (citation omitted).  We review questions of law de novo.  *Id.*  And in those circumstances where the BIA "agrees with the IJ's reasoning, we review both decisions."  *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

Petitioners' asylum and withholding of removal claims fail.  "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021) (citation omitted).  Eligibility for withholding of removal requires the petitioner "discharge this burden by a 'clear probability.'"  *Id.* (citation omitted); *see also* 8 U.S.C. § 1231(b)(3)(A).  In certain instances, "[p]roving past persecution can satisfy this burden, as it gives rise to a rebuttable presumption of future persecution."  *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064

2

(9th Cir. 2020). But here the record does not compel a conclusion other than the agency's: that Petitioners failed to meet their burden.

Substantial evidence supports the agency's determination that Petitioners failed to show they held an actual or imputed anti-gang political opinion. Apart from refusing to pay extortion demands, there is no evidence that Petitioners took any "concrete steps" against the gangs. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Nor is there any evidence that the gangs viewed Petitioners as holding a belief system in opposition to theirs. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014). The record does not compel a conclusion other than that reached by the agency: namely, that Petitioners were "victimized for economic and personal reasons," which does "not constitute persecution on account of political opinion." *Santos-Lemus*, 542 F.3d at 747.

Substantial evidence likewise supports the agency's determination that Petitioners failed to show that they were members of their proposed Particular Social Groups ("PSGs") of (i) "Guatemalans who take concrete steps in opposition to the maras" or (ii) "opposition to the de facto government of Guatemala, the maras." The mere act of refusing to comply with the gang's extortion demands is insufficient to show that they took "concrete steps in opposition to the maras." *See id.*

3

Substantial evidence also supports the BIA's determination that Petitioners' family-based PSGs were not socially distinct. Petitioners never presented any country-specific evidence discussing Guatemalan society's perception of familial relationships or otherwise addressing what type of kinship ties Guatemalan society recognizes as distinct. Accordingly, Petitioners did not satisfy their burden to show that their proposed groups are socially distinct. *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020).

Substantial evidence also supports the agency's finding that the female Petitioner failed to establish an objectively reasonable fear of future persecution on account of her membership in the PSG of "Guatemalan women." She never presented any evidence that she or her female family members had ever been harmed in Guatemala. The country conditions evidence shows generalized violence against women, but "in order to establish a well-founded fear, '[a petitioner] cannot simply prove that there exists a generalized or random possibility of persecution; she must show that she is at particular risk.'" *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (citation and alterations omitted). Further, the BIA did not fail to consider the minor Petitioner's claim, nor did it err in declining to consider his newly-raised PSG. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam).

The agency's denial of Petitioners' claim for CAT protection is likewise supported by substantial evidence. The IJ noted that, other than generalized

evidence of violence and crime, there was no evidence Petitioners would be tortured if returned to Guatemala. Without any risk that is particular to the applicant, general evidence is insufficient to prove eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Thus the record does not compel the conclusion that Petitioners are more likely than not to be tortured with the consent of the government if returned to Guatemala.

**PETITION DENIED.** [1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for a stay of removal (Dkt. No. 3) is otherwise denied.